UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. ALEXANDER-CAMPOS, III,<br><br>Plaintiff,<br><br>v.<br><br>BRUCE, *et al.*,<br><br>Defendants. | Case No. 1:22-cv-00958-JLT-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(Docs. 19, 25)<br><br>**14-DAY DEADLINE** |

### I. BACKGROUND

Plaintiff Robert J. Alexander-Campos is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983.

On June 6, 2022, Plaintiff initiated this action in the United States District Court for the Northern District of California. (Doc. 1.) The District Court screened the complaint and dismissed the complaint with leave to amend. (Doc. 6 at 2.) The court advised: "Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. . . . He may not incorporate material from the original complaint by reference." (*Id*. at 2–3) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992)).

On July 28, 2022, Plaintiff filed a first amended complaint asserting the use of excessive force when he was a prisoner at Pleasant Valley State Prison ("PVSP"). (Doc. 7.) Because venue for that claim lies in the Eastern District of California, the presiding district judge in the Northern

1  District of California transferred the case to this Court. (Doc. 9.)

2  On September 15, 2023, the Court screened the first amended complaint and found it failed to state a claim upon which relief can be granted. (Doc. 17.) Plaintiff was afforded leave to amend, and, on October 13, 2023, Plaintiff filed a second amended complaint. (Doc. 19.) On February 29, 2024, Plaintiff filed a form document from the Northern District of California which he titled "Amended Civil Rights Complaint" (Doc. 22), docketed in this action by the Clerk of the Court as "Third Amended Complaint." However, although that document bears the case number for this action, it does not appear to be an amended pleading and does not appear to be related to this case.

Accordingly, on May 19, 2025, the Court screened Plaintiff's second amended complaint (Doc. 19) as the operative complaint and found it failed to state a claim upon which relief can be granted. (Doc. 25.) Plaintiff was granted leave to amend his complaint to cure the identified deficiencies to the extent he could in good faith and was afforded 21 days within which to file any such amended complaint. The Court advised Plaintiff that if he wished to stand on his complaint as screened, the undersigned would recommend dismissing the complaint for the reasons set forth in the screening order. *Id*. at 8.

Because more than 21 days has passed and Plaintiff has not filed an amended complaint, the undersigned presumes Plaintiff wishes to stand on his complaint as screened.

## II.   DISCUSSION

### A.   Plaintiff's Allegations[1]

The factual allegations of Plaintiff's second amended complaint are similar to those in his first amended complaint. Thus, once again, without stating the date of the incident, Plaintiff alleges PVSP Correctional Officers ("CO") Bruce and Perez ("Defendants") used excessive force when one or both of them placed Plaintiff in handcuffs near the podium in the dayroom, escorted him away without incident, then body slammed him and threatened to deploy pepper spray directly in his eyes while Plaintiff posed no potential threat to the officers. (Doc. 19 at 3.) This

---

[1] The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

2

1  caused nerve damage to Plaintiff's hand and wrist. Plaintiff asserts Defendants did this in
2  retaliation for filing a form 602 grievance and being a "MAC. Rep" for the D yard housing unit.
3  (*Id.* at 4.) Defendants were found guilty of using excessive force by investigative supervisors at
4  PVSP. (*Id.*) Plaintiff also asserts that Defendants' conduct establishes an "equal protection"
5  violation to the extent Defendants discriminated against Plaintiff "for being a member of an
6  identifiable class; In this case Plaintiff being a MAC Representative."
7        Plaintiff sues COs Bruce and Perez and the California Department of Corrections and
8  Rehabilitation ("CDCR"). He seeks damages for pain and suffering for loss of movement in the
9  fingers of his left hand due to nerve damage.
10       **B.**    **CDCR**
11       As Plaintiff was advised in the Court's first screening order (*see* Doc. 17 at 5), CDCR is
12 protected from liability under the doctrine of sovereign immunity. "The Eleventh Amendment
13 bars suits for money damages in federal court against a state, its agencies, and state officials
14 acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th
15 Cir. 2007). The Eleventh Amendment prohibits federal courts from hearing a section 1983 lawsuit
16 in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or
17 individual prisons, absent "a waiver by the state or a valid congressional override . . . ." *Dittman*
18 *v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999); *see also Fireman's Fund Ins. Co. v. City of*
19 *Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) ("The Eleventh Amendment bars suits which
20 seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities,
21 or its agencies."). The State of California has not waived its Eleventh Amendment immunity for
22 federal claims under section 1983. *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp.*
23 *v. Scanlon*, 473 U.S. 234, 241 (1985)); *see Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th
24 Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms
25 entitled to Eleventh Amendment immunity).
26       Therefore, CDCR may not be named as a defendant in this action.
27       **C.**    **Eighth Amendment Excessive Force Claim**
28       Plaintiff alleges that Defendants Bruce and Perez used excessive force against him,

1  causing injury and pain. The Eighth Amendment prohibits the infliction of "cruel and unusual
2  punishments." U.S. Const. amend. VIII. "It is undisputed that the treatment a prisoner receives in
3  prison and the conditions under which he is confined are subject to scrutiny under the Eighth
4  Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The "unnecessary and wanton
5  infliction of pain" on prisoners "constitutes cruel and unusual punishment." *Whitley v. Albers*,
6  475 U.S. 312, 319 (1986) (internal quotation marks and citation omitted). "Being violently
7  assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses
8  against society." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and
9  citation omitted).

10  A correctional officer engages in excessive force in violation of the Eighth Amendment if
11  he (1) uses excessive and unnecessary force under all the circumstances, and (2) "harms an
12  inmate for the very purpose of causing harm," and not "as part of a good-faith effort to maintain
13  security." *Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir. 2018). Thus, "whenever prison officials
14  stand accused of using excessive physical force . . . the core judicial inquiry is . . . whether force
15  was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically
16  to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). In making this determination, the
17  court may consider (1) the need for application of force, (2) the relationship between that need
18  and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and
19  (4) any efforts made to temper the severity of a forceful response. *Id.* at 7.

20  Although Plaintiff has remedied some of the deficiencies in his earlier pleading of his
21  excessive force claim (by describing that the incident occurred shortly after he was escorted
22  away from the dayroom podium by Defendants and that he was body slammed without
23  provocation), he still has not identified *when* the event took place. Defendants cannot properly be
24  on notice of Plaintiff's claim without at least a general timeframe of when the events complained
25  of occurred.

26  **D. Fourteenth Amendment Equal Protection Claim**

27  Plaintiff alleges that Defendants' conduct establishes an "equal protection" violation to the
28  extent Defendants discriminated against Plaintiff "for being a member of an identifiable class; In

4

1   this case Plaintiff being a MAC Representative." Because the class to which Plaintiff claims
2   membership (the MAC) is not a "suspect class" -- stated otherwise, a class based on race, sex, or
3   national origin (*see Enquist v. Or. Dep't of Ag.*, 553 U.S. 591, 596 (2008)) -- it appears Plaintiff is
4   asserting an equal protection "class of one" violation. Where state action does not implicate a
5   fundamental right or a suspect classification, the plaintiff can establish an equal protection "class
6   of one" claim by demonstrating that the state actor (1) intentionally (2) treated him differently
7   than other similarly situated persons, (3) without a rational basis. *Gerhart v. Lake Cnty.,*
8   *Montana*, 637 F.3d 1013, 1022 (9th Cir. 2011) (citing *Village of Willowbrook v. Olech*, 528 U.S.
9   562, 564 (2000) (per curiam)). A class of one plaintiff must show that the discriminatory
10  treatment "was intentionally directed just at him, as opposed... to being an accident or a random
11  act." *Jackson v. Burke*, 256 F.3d 93, 96 (2d Cir. 2001).

12  Liberally construing the second amended complaint, Plaintiff fails to allege an equal
13  protection violation against any named defendant. He does not assert facts demonstrating that any
14  individual intentionally treated him differently than other similarly situated persons in the absence
15  of a rational basis. *Gerhart*, 637 F.3d at 1022. Plaintiff merely alleges elements of the claim in
16  conclusory fashion and asserts a legal conclusion. Neither is sufficient to state a claim for relief.
17  *Iqbal*, 556 U.S. at 678.

18  **III.   CONCLUSION AND RECOMMENDATION**

19  For the foregoing reasons, the undersigned finds that Plaintiff's second amended
20  complaint fails to state a claim upon which relief can be granted. Because Plaintiff was granted
21  leave to amend his complaint on three prior occasions and has failed to cure the identified
22  deficiencies, the Court assesses that Plaintiff cannot cure his pleadings and, thus, that leave to
23  amend would be futile. *See Hartman v. CDCR*, 707 F.3d 1114, 1129-30 (9th Cir. 2013)
24  (affirming dismissal of first amended complaint and finding leave to amend futile where
25  complaint's allegations belied plaintiff's entitlement to relief).

26  Based upon the foregoing, the undersigned RECOMMENDS this action be DISMISSED
27  for Plaintiff's failure to state a claim upon which relief may be granted.

28  These Findings and Recommendations will be submitted to the United States District

1  Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
2  after being served with a copy of these Findings and Recommendations, a party may file written
3  objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to
4  Magistrate Judge's Findings and Recommendations" and shall not exceed 15 pages without leave
5  of Court and good cause shown. The Court will not consider exhibits attached to the Objections.
6  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the
7  record by its CM/ECF document and page number, when possible, or otherwise reference the
8  exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded
9  by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. §
10  636(b)(l)(C). A party's failure to file any objections within the specified time may result in the
11  waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

12  IT IS SO ORDERED.

13  Dated:   **June 20, 2025**

14  UNITED STATES MAGISTRATE JUDGE